IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:06cv276 |
| ) | |
| J. EUGENE FELCH, IV ) | |
| IWONNA A. FELCH, ) | |
| DOVENMUEHLE MORTGAGE, INC., ) | |
| ) | |
| Defendants. ) | |

**FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE**

This matter having come before the Court following resolution through Rule 56 motion practice of all the issues presented in the United States' Complaint, and the United States having made a motion for the entry of Final and Default Judgment and Order for a Judicial Sale, and the Court having considered any opposition to the application or proposed judgment timely filed under the Local Rules of this Court, it is hereby:

ORDERED AND ADJUDGED as follows:

1. Default Judgment is entered against Iwonna F. Felch.

2. Judgment Is Entered in favor of the United States and against J. Eugene Felch, IV, personally, for the unpaid assessed balance of taxes and related interest and penalties set forth below:

3080475.1

| Tax Period Ending | Amount Due, As of November 26, 2007 |
|---|---|
| 12/31/1987 | $ 422,711.61 |
| 12/31/1988 | $ 139,247.18 |
| 12/31/1992 | $ 207,038.47 |
| 12/31/1993 | $ 194,589.13 |
| 12/31/1994 | $ 12,412.63 |
| 12/31/1997 | $ 16,161.86 |
| 12/31/1998 | $ 13,176.65 |
| Total | $ 1,005,337.53 |

for a total amount due under this Final Judgment, as of November 26, 2007, of $1,005,337.53, plus additional interest pursuant to 26 U.S.C. § 6601, 6621 and 6622 and 28 U.S.C. § 1961(c) accruing after November 26, 2007, until paid.

3.      The United States' tax liens that secure the payment of the amounts identified in paragraph two, above, attach to the property described in paragraph twelve of the Complaint (the "Property"), which property is located at and known generally as 5 Forbush Rd., Dublin, New Hampshire (the "Property") and which is more particularly described as follows:

A certain tract of land, with the buildings thereon, situated on the northerly side of Craig Road and the westerly side of Forbush Road in the Town of Dublin, County of Cheshire and State of New Hampshire, bounded and described as follows:
Beginning at a drill hole set in the westerly side of Forbush Road at the northeasterly corner of the premises herein conveyed, being the southeasterly corner of Lot F as shown on the plan hereinafter mentioned;
thence N. 60° 15' 36" W. five hundred and nine hundredths (500.09) feet, more or less, along Lot F to a drill hole set in a stone wall in the line of land now or formerly of Thomas Uhlig, et al., at the northwesterly corner of the premises herein conveyed;
thence S. 32° 53' 41" W. two hundred and eight hundredths (200.08) feet, more or less, along said Uhlig land to a drill hole set at a corner of walls on the

northerly side of Craig Road at the southwesterly corner of the premises herein conveyed;

thence S. 60° 35' 25" E. one hundred sixty-seven and seventy-seven hundredths (167.77) feet, more or less, along a stone wall to a drill hole set at the end of the wall;

thence S. 60° 01' 08" E. eighty-eight and sixty-six hundredths (88.66) feet, more or less, to a drill hole set at the end of a stone wall;

thence S. 60° 24' 19" E. two hundred fifty-one and eight hundredths (251.08) feet, more or less, along a stone wall to a drill hole; the last three courses being along the northerly side of Craig Road;

thence on the arc of a curve to the left, the radius of which is twenty-five (25.000) feet, a distance of forty-two and two thousand nine hundred fifty-nine ten thousandths (42.2959) feet, more or less, to an iron pipe in the westerly side of Forbush Road;

thence N. 22° 39' 49" E one hundred seventy-one and seventy-eight hundredths (171.78) feet, more or less, along the westerly side of Forbush Road, to the drill hole at the point of beginning.

Containing 2.36 acres, more or less.

Being Lot G as shown on a plan entitled "Subdivision Plan of Land Located on Forbush Road and Craig Road, Dublin, N.H., Scale 1 inch = 50 feet, Nov. 20, 1985", Survey and Plan by William A. Bean, Jr., L.L.S., Surveyed for Carl Niemela and Marsha Niemela, recorded in Cab. 7-12 of the Chesire County Registry of Deeds.

4. The United States' tax liens described in paragraph 3, above, are ordered foreclosed on the Property.

5. A judicial sale shall occur, which judicial sale shall be conducted in accordance with the provisions of this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE.

6. The United States Marshal for the District of New Hampshire and/or the Property Appraisal and Liquidation Specialist Group of the Internal Revenue Service shall offer the Property for sale at public auction, free and clear of all liens and interests of the parties, such public sale to commence at a time and place to be announced by the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service, after first being advertised at least once a week for four consecutive weeks preceding the date

fixed for sale in a daily newspaper of general circulation in Cheshire County, New Hampshire, and by such order notice as the United States Marshal and/or Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service deem appropriate. The proceeds of the sale are to be distributed as set forth in paragraph 8, below. The Property shall be offered for sale subject to confirmation by this Court, and upon such confirmation and receipt of the entire purchase price for such property, the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service shall deliver to the purchaser of the real property a quit claim deed for the property purchased. No bids (except a bid made by the United States) shall be accepted unless the same be accompanied by a certified check or cash deposit of $10,000 and the balance of the purchase price shall be tendered to the office designated by the government by the successful bidder within sixty days following the date of confirmation of the sale, in the form of a certified check or cash. If the successful bidder defaults in this requirement, the deposit made by the successful bidder shall be forfeited and retained by the United States Marshal or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service as part of the proceeds of sale in the same manner as set forth herein. The United States may bid as a credit against its judgment without tender of cash; however, if it is the successful bidder, the United States shall pay to the United States Marshal the expenses of the sale. However, the amount to be paid by the United States shall not exceed the amount of the United States' successful bid.

    7.    In the event the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service is unable to sell the Property in accordance with the terms and conditions set forth in this FINAL AND DEFAULT JUDGMENT AND

ORDER FOR A JUDICIAL SALE, the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service shall again offer the Property for sale at a public auction, to be announced by the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service, after again being advertised at least once each week for four consecutive weeks preceding the date fixed for such sale in a daily newspaper of general circulation in Cheshire County, New Hampshire, and by such other notice as the United States Marshal or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service shall deem appropriate. The notice of sale shall contain the terms and conditions of sale as set forth above.

8. The proceeds of the sale shall be distributed as follows:

First, to pay the expenses of sale, which shall be documented in the motion to confirm the sale that is required by this Final and Default Judgment and Order for a Judicial Sale;

Second, to pay any unpaid real property taxes that might exist with respect to the property;

Third, to the United States of America, with the proceeds to be applied to the liabilities identified in paragraph two one of this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE; and

Fourth, if any sale proceeds remain, to J. Eugene Felch, IV.

9. A copy of this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE shall be personally served upon any persons living on any of the structures on the Property (or, if such persons cannot be served personally, by mailing a copy of this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE to any persons known to be living on the Property), and any such persons shall remove themselves and their possessions from the Property within 30

days from the date that they are served with this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE, unless the United States consents to their remaining on the property for a specified period of time, in which case they may remain on the Property until 30 days after the United States provides notice via certified mail that they must remove themselves and their possessions from the Property.  If service is done by mail, such persons shall remove themselves from the Property within 30 days of the date of the mailing of this FINAL AND DEFAULT JUDGMENT AND ORDER FOR A JUDICIAL SALE to them.

10. The minimum bid for the Property shall be set at $100,000.

11. Pending the sale of the Property, the United States Marshal and/or the Property Appraisal and Liquidation Specialists Group of the Internal Revenue Service is authorized to take possession of the Property and shall have free access to the Property and take all actions necessary to preserve the Property until the Property is delivered to a successful purchaser.  This includes, but is not limited to, taking the following actions: changing the locks, arranging for the connecting or disconnecting of utilities, arranging for inspections of the Property by buyers, and arranging for repairs to the Property.

**IT IS SO ORDERED.**

Dated: May 7, 2008

/s/ Paul Barbadoro
HON.
UNITED STATES DISTRICT JUDGE